UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OWEN PAYNE,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF NEW YORK,<br>NYPD OFFICER KELVIN PERALTA,<br>NYPD OFFICER DAVID ROSENBERG,<br><br>                    Defendants. | ECF case<br><br>Case No.  13-CV-5503 (NGG) (VPP)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW THE PLAINTIFF, Owen Payne, by his attorney, Steven M. Warshawsky, for his first amended complaint against the defendants and alleging as follows:

## NATURE OF THE CASE

1.      This is a civil rights action under 42 U.S.C. § 1983 and New York state law arising from the plaintiff's arrest on December 19, 2012, by officers of the New York City Police Department.  These officers subjected the plaintiff to false arrest, false imprisonment, excessive force, and other abuses of police authority, without probable cause, arguable probable cause, or other legal justification.  The plaintiff is entitled to compensatory damages for the harms he has suffered as a result of the defendants' unlawful actions, punitive damages to punish and deter the defendants from engaging in similar unlawful actions in the future, attorney's fees and costs, and all available legal and equitable relief.  The plaintiff demands trial by jury.

## PARTIES

2.      Plaintiff **Owen Payne** is a citizen of New York, and resides in Brooklyn, New York.  Mr. Payne was born in 1983.  He is African-American.

-2-

3. Defendant **City of New York** is a municipality in the State of New York. The New York City Corporation Counsel, Acting, is Jeffrey D. Friedlander (to be replaced by Zachary Carter). The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007. The New York City Police Department is an agency or instrumentality of the City of New York. The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4. Defendant **NYPD Officer Kelvin Peralta** (Shield No. 6980) is an employee of the New York City Police Department. Upon information and belief, his place of business is the NYPD 75th Precinct located at 1000 Sutter Avenue, Brooklyn, New York, 11208. Upon information and belief, Officer Peralta is a member of the NYPD Street Narcotics Enforcement Unit (SNEU). Officer Peralta personally participated in the unlawful conduct alleged herein. At all relevant times, Officer Peralta was acting under color of state law and in the scope of his employment with the NYPD. Officer Peralta is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

5. Defendant **NYPD Officer David Rosenberg** (Shield No. 24499) is an employee of the New York City Police Department. Upon information and belief, his place of business is the NYPD 75th Precinct located at 1000 Sutter Avenue, Brooklyn, New York, 11208. Upon information and belief, Officer Rosenberg is a member of the NYPD Street Narcotics Enforcement Unit (SNEU). Officer Rosenberg personally participated in the unlawful conduct alleged herein. At all relevant times, Officer Rosenberg was acting under color of state law and in the scope of his employment with the NYPD. Officer Rosenberg is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

7. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

8. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9. There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983. Allegations pertaining to the New York notice of claim requirements are set forth below.

## FACTUAL ALLEGATIONS

10. The events in this case took place on Wednesday, December 19, 2012, around 1:00 p.m., on a public sidewalk at or near the corner of Sutter Avenue and Euclid Avenue in Brooklyn, New York.

11. Mr. Payne was walking by himself on Euclid Avenue, heading south towards Sutter Avenue. He was going to his brother's apartment to visit with family. He was dressed in casual clothing appropriate to the season, time of day, and purpose for his journey, including jeans, boots, and overcoat. He was not wearing any "gang" clothing.

12. At all relevant times, Mr. Payne was not intoxicated or under the influence of any illegal drugs or medications.

13. At all relevant times, Mr. Payne was not acting in a disorderly, threatening, or violent manner.

14. At all relevant times, Mr. Payne was not obstructing pedestrian or vehicular traffic.

15. At all relevant times, Mr. Payne was not or trespassing on private or government property.

16. At all relevant times, Mr. Payne was not engaged in any illegal drug transactions.

17. At all relevant times, Mr. Payne was not smoking marijuana.

18. At all relevant times, Mr. Payne was not in possession of any weapons.

19. At all relevant times, Mr. Payne was not engaged in any behavior that was illegal or reasonably could be perceived or construed as illegal.

20. While Mr. Payne was walking on the sidewalk, an unmarked police car pulled up next to him and stopped suddenly. Officer Peralta and Officer Rosenberg jumped out of the car and accosted Mr. Payne. They were wearing NYPD uniforms.

21. Officer Peralta and Officer Rosenberg grabbed Mr. Payne by the arms and demanded that he tell them where he was going. Mr. Payne told them that he was coming from the train station and going to his brother's house. When Mr. Payne asked them why he was being stopped, Officer Peralta only said, you know what you did.

22. Without explaining themselves, the officers forcibly pushed Mr. Payne against a nearby fence, patted him down roughly, and searched all of his pockets. When Mr. Payne verbally protested what was happening, the defendants violently assaulted him. They struck him

with their fists and batons; they sprayed him with pepper spray; they knocked him to the ground; they banged his head against the sidewalk; and Officer Peralta spit on him. The defendants inflicted serious and painful injuries on Mr. Payne. They then handcuffed and arrested him.

23. There was no probable cause, arguable probable cause, or other legal justification for the defendants' actions.

24. Officer Peralta and Officer Rosenberg knew that there was no probable cause, arguable probable cause, or other legal justification for their actions.

25. Following his arrest, Mr. Payne was transported in a police van to the 75th Precinct. Although he was visibly bleeding from multiple head wounds, no first aid was administered by the police. When Mr. Payne asked the desk sergeant to loosen his handcuffs because his wrists hurt and his hands were numb, the sergeant told him to shut up.

26. At the precinct, Mr. Payne waited approximately 30 minutes for an ambulance to arrive and take him to Brookdale Hospital, where he was treated for the injuries he sustained at the hands of Officer Peralta and Officer Rosenberg. He suffered contusions, lacerations, and other bodily injuries requiring stitches, bandages, pain medication, and other treatments. He remained at the hospital, in handcuffs and shackles and under police guard, for approximately 3-4 hours. He was returned to the 75th Precinct around 5:30 p.m.

27. Shortly after Mr. Payne arrived back at the precinct, two investigators from the NYPD Internal Affairs Bureau met with him to discuss the incident. They spoke with Mr. Payne for approximately 15 minutes. Mr. Payne did not contact IAB himself. Rather, the investigators told him that the incident had been witnessed on an NYPD security camera located near the intersection of Sutter Avenue and Euclid Avenue. Upon information and belief, IAB was notified about the incident because the NYPD security camera showed the police officers acting

in an unlawful manner. To date, Mr. Payne has received no further communications from IAB about this matter.

28. After his interview with IAB, Mr. Payne was fingerprinted and photographed by Officer Peralta. During the booking process, Mr. Payne once again asked Officer Peralta why he had been arrested, and Officer Peralta once again said, you know what you did. Mr. Payne then was placed in a holding cell, where he remained overnight.

29. Around 6:00 a.m. the next morning, Mr. Payne was transported to Central Booking on Schermerhorn Street in Brooklyn, where he was detained for approximately 12 hours. He was arraigned at approximately 6:00 p.m. on December 20, 2012. He pleaded not guilty and was released on his own recognizance.

30. In total, Mr. Payne was in police custody for approximately 29 hours.

31. Mr. Payne was charged with a litany of bogus crimes: attempted tampering with physical evidence (P.L. 110.00 and P.L. 215.40(2)), obstructing governmental administration in the second degree (P.L. 195.05), resisting arrest (P.L. 205.30), criminal possession of a controlled substance in the seventh degree (P.L. 220.03), and unlawful possession of marijuana (P.L. 221.05).

32. There was no probable cause, arguable probable cause, or other legal justification for charging Mr. Payne with these crimes.

33. The defendants knew that there was no probable cause, arguable probable cause, or other legal justification for charging Mr. Payne with these crimes.

34. In the criminal complaint, Officer Peralta alleged that he "did observe the defendant [Mr. Payne] in possession of a quantity of crack cocaine." This was a knowingly false

and perjured statement. Mr. Payne was not in possession of crack cocaine. The police records show that no crack cocaine was recovered from Mr. Payne or otherwise found at the scene.

35. In the criminal complaint, Officer Peralta alleged that he "did approach the defendant" and "did observe the defendant throw said quantity of crack cocaine over a fence." This was a knowingly false and perjured statement. Mr. Payne did not throw any item over a fence. The police records show that no crack cocaine was recovered from Mr. Payne or otherwise found at the scene.

36. In the criminal complaint, Officer Peralta alleged that he "did observe the defendant in possession of a quantity of marihuana and hydrocodone in that the deponent did recover said marihuana and hydrocodone from the defendant's person." This was a knowingly false and perjured statement. Mr. Payne was not in possession of either marijuana or hydrocodone. The police records show that no hydrocodone was recovered from Mr. Payne or otherwise found at the scene. Although the police records show that a small quantity of marijuana (less than ⅛ ounce) allegedly was seized from Mr. Payne, this was planted evidence. Moreover, these alleged items were not and could not have been observed by the defendants prior to their unlawfully accosting and assaulting Mr. Payne.

37. In the criminal complaint, Officer Peralta alleged that "the defendant did resist a lawful arrest by kicking defendant's legs and swinging defendant's arms." This was a knowingly false and perjured statement. Mr. Payne was not lawfully arrested. Mr. Payne did not use his arms or legs to strike or attempt to strike the police officers. Mr. Payne merely attempted to shield himself from the police officers' unjustified assault.

38. The Kings County District Attorney's Office subsequently decided not to prosecute the complaint and entered an "adjournment in contemplation of dismissal" for Mr.

Payne pursuant to C.P.L. 170.55. This means that no finding of guilt has been made and that the charges against Mr. Payne will be dismissed and expunged in one year.

39. An unidentified third-party, who apparently witnessed the incident, made a complaint about the incident to the Civilian Complaint Review Board (#201214897). Mr. Payne was interviewed by a CCRB investigator in or about January 2013. On or about November 7, 2013, the CCRB issued a decision finding the charges against Officer Peralta and Officer Rosenberg "unsubstantiated," which means "it is unclear whether misconduct occurred."

40. Mr. Payne served a notice of claim on the New York City Comptroller's Office, within 90 days of the incident, on March 13, 2013 (#2013PI007222). No 50-h hearing was noticed or conducted by the city. To date, the city has neglected or refused to settle this matter administratively. This action was brought more than 30 days after the notice of claim was served on the city and within one year and 90 days after the incident.

## COUNT ONE: FALSE ARREST/FALSE IMPRISONMENT
### (Section 1983; Officer Peralta, Officer Rosenberg)

41. Plaintiff repeats and re-alleges Paragraphs 1-40 above.

42. The elements of a claim for false arrest/false imprisonment under Section 1983 are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.

43. The defendants intended to, and did, confine Mr. Payne.

44. Mr. Payne was conscious of the confinement.

45. Mr. Payne did not consent to the confinement.

46. The confinement was not otherwise privileged.

47. There was no probable cause, arguable probable cause, or other legal justification for Mr. Payne's arrest and imprisonment by the defendants.

48. Officer Peralta and Officer Rosenberg are not entitled to qualified immunity.

49. The defendants' actions violated Mr. Payne's clearly established rights under the Fourth Amendment.

50. It was not objectively reasonable for the defendants to believe that their actions did not violate Mr. Payne's rights under the Fourth Amendment.

51. Officer Peralta and Officer Rosenberg acted with intentional, knowing, callous, and/or reckless indifference to Mr. Payne's rights under the Fourth Amendment.

52. As a result of the defendants' unconstitutional conduct, Mr. Payne suffered loss of liberty, physical pain and suffering, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

53. Mr. Payne is entitled to an award of punitive damages to punish Officer Peralta and Officer Rosenberg for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## COUNT TWO: EXCESSIVE FORCE
### (Section 1983; Officer Peralta, Officer Rosenberg)

54. Plaintiff repeats and re-alleges Paragraphs 1-53 above.

55. Plaintiff's federal law excessive force claim arises under the Fourth Amendment because the excessive force was used before the plaintiff's arraignment.

56. Officer Peralta and Officer Rosenberg used excessive force against Mr. Payne in violation of the Fourth Amendment when, without provocation, they assaulted Mr. Payne on the

face, head, and body, with their fists, batons, and pepper spray, intentionally causing Mr. Payne physical injury, discomfort, and pain.

57. There was no legal justification for the defendants' violent actions.

58. The defendants' violent actions were objectively unreasonable.

59. Mr. Payne suffered more than de minimis injuries caused by the defendants.

60. Officer Peralta and Officer Rosenberg are not entitled to qualified immunity.

61. The defendants' actions violated Mr. Payne's clearly established rights under the Fourth Amendment.

62. It was not objectively reasonable for the defendants to believe that their actions did not violate Mr. Payne's rights under the Fourth Amendment.

63. Officer Peralta and Officer Rosenberg acted with intentional, knowing, callous, and/or reckless indifference to Mr. Payne's rights under the Fourth Amendment

64. As a result of the defendants' unconstitutional conduct, Mr. Payne suffered physical pain and suffering, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

65. Mr. Payne is entitled to an award of punitive damages to punish Officer Peralta and Officer Rosenberg for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

### COUNT THREE: FALSE ARREST/FALSE IMPRISONMENT
**(New York law; Officer Peralta, Officer Rosenberg, City of New York)**

66. Plaintiff repeats and re-alleges Paragraphs 1-65 above.

67. The elements of a claim for false arrest/false imprisonment under New York law are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the

confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.

68. The defendants intended to, and did, confine Mr. Payne.

69. Mr. Payne was conscious of the confinement.

70. Mr. Payne did not consent to the confinement.

71. The confinement was not otherwise privileged.

72. There was no probable cause, arguable probable cause, or other legal justification for Mr. Payne's arrest and imprisonment by the defendants.

73. Officer Peralta and Officer Rosenberg are not entitled to qualified immunity.

74. The defendants' actions were taken without a reasonable basis.

75. The defendants' actions were taken in bad faith.

76. The defendants' actions were intentional, wanton, and malicious.

77. As a result of the defendants' unlawful conduct, Mr. Payne suffered loss of liberty, physical pain and suffering, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

78. Mr. Payne is entitled to an award of punitive damages to punish Officer Peralta and Officer Rosenberg for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

79. Because Officer Peralta's and Officer Rosenberg's actions were taken in the scope of their employment with the NYPD, the City of New York is vicariously liable for the harm caused by their tortious conduct.

## COUNT FOUR: BATTERY
### (New York law; Officer Peralta, Officer Rosenberg, City of New York)

80. Plaintiff repeats and re-alleges Paragraphs 1-79 above.

81. The elements of a battery claim under New York law are an intentional wrongful contact with another person without consent.

82. Officer Peralta and Officer Rosenberg intentionally and wrongfully contacted Mr. Payne without Mr. Payne's consent when, without provocation, they assaulted Mr. Payne on the face, head, and body, with their fists, batons, and pepper spray, intentionally causing Mr. Payne physical injury, discomfort, and pain.

83. There was no legal justification for the defendants' violent actions.

84. Mr. Payne suffered more than de minimis injuries caused by the defendants.

85. Officer Peralta and Officer Rosenberg are not entitled to qualified immunity.

86. The defendants' actions were taken without a reasonable basis.

87. The defendants' actions were taken in bad faith.

88. The defendants' actions were intentional, wanton, and malicious.

89. As a result of the defendants' unlawful conduct, Mr. Payne suffered physical pain and suffering, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

90. Mr. Payne is entitled to an award of punitive damages to punish Officer Peralta and Officer Rosenberg for their unlawful conduct and to deter them from engaging in similar unlawful conduct in the future.

91. Because Officer Peralta's and Officer Rosenberg's actions were taken in the scope of their employment with the NYPD, the City of New York is vicariously liable for the harm caused by their tortious conduct.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Owen Payne hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A. Compensatory damages in an amount no less than $250,000;

B. Punitive damages in an amount no less than $250,000;

C. Pre-judgment and post-judgment interest;

D. Attorney's fees, costs, and disbursements; and

E. All other relief that the Plaintiff may be entitled to under law, or as justice may require.

Dated: January 22, 2014
      New York, New York

Respectfully submitted,

*Steven M. Warshawsky*

By: _____
STEVEN M. WARSHAWSKY (SW 5431)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com
Website: www.warshawskylawfirm.com